UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE EDWIN FLORENCE,

    Petitioner,

-vs-                                **CASE NO. 8:10-cv-811-T-30AEP**
                                       Criminal Case No. 8:96-cr-308-T-17TBM

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (CV Dkt. 1). Petitioner is a federal prisoner incarcerated at the Federal Correctional Complex in Coleman, Florida.

BACKGROUND

Petitioner was a Defendant in case no. 8:96-cr-308-T-17TBM. Following a jury trial, Petitioner was found guilty of two counts of armed bank robbery, and two counts of use and carrying of a firearm during crime of violence (CR Dkt. 25). An amended judgment was entered in which Petitioner was sentenced to 57 months as to Counts One and Three to run consecutively; 5 years as to Count Two to run consecutive to Counts One and Three; 20 years as to Count Four to run consecutive to Counts One, Two, and Three; to be followed by 3 years supervised release on Counts One and Three, and 2 years supervised release as to

Counts Two and Four, all to run concurrently (CR Dkt. 53 at pgs. 2-3). Petitioner appealed his convictions and sentence. On March 5, 1999, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentence. *See U.S. v. Florence*, 176 F.3d 491 (11th Cir.1999) (unpublished opinion); CR Dkt. 115 at Ex. A, pgs. 18-20.

Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence that was denied on February 4, 2002. *See Florence v. United States*, Case no. 8:00-cv-195-T-17 at Dkt. 4. He appealed, and the United States Court of Appeals denied his motion for certificate of appealability on June 14, 2002 (CR Dkt. 133). Petitioner filed the instant § 2241 petition on March 10, 2010, seeking immediate release from custody.

## DISCUSSION

Pursuant to Rule 4 of the Rules Governing habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under that rule, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. This Court has conducted such a review, and it is clear that the petition must be dismissed.

The essence of Petitioner's claim is that the Eleventh Circuit Court did not affirm his sentence on Count 4, i.e., his 20 year sentence, and he has served his sentence on the remaining three counts. Therefore, he argues, he is entitled to immediate release from incarceration.

2

Petitioner's claim is frivolous. Petitioner bases his claim that the Eleventh Circuit Court did not affirm his 20 year sentence on Count 4 on this Court's docket entry number 86 in case no. 8:96-cr-308-17TBM. The entry indicates:

> JUDGMENT OF USCA (certified copy) as to George Edwin Florence Re: [39-1] appeal affirming judgment/order George Edwin Florence (1) count(s) 1s, 2s, 3s MFR Number 6/2778 Mandate date: 4/8/99 USCA EOD: 3/5/99 (USCA# 97-2822) (dlg) (Entered: 04/12/1999)

(See CV Dkt. 1 at pg. 10). Petitioner appears to argue that this docket entry establishes that the Eleventh Circuit Court only affirmed his sentences on Counts One, Two, and Three. While the docket entry does omit reference to Count Four, the scrivener's error in the docket entry does not entitle Petitioner to relief. The Amended Judgment clearly indicates that Petitioner was sentenced on Count 4 to 20 years imprisonment to run consecutive to Counts One, Two, and Three (CR Dkt. 53 at pg. 2).[1] Moreover, the Eleventh Circuit Court's opinion clearly affirms Petitioner's convictions and "357 month sentence" (CR Dkt. 115 at Ex. A, pgs. 18-20). Consequently, the record establishes that the Eleventh Circuit Court did affirm the sentence as to Count 4.

Accordingly, the Court **ORDERS**:

1. That the Petition for writ of habeas corpus (CV Dkt. 1) is **DENIED.**

---

[1] Petitioner also argues that docket entry #53 indicates "0 years imprisonment" as to Count 4 (CV Dkt. 1 at pg. 21). It does not. Docket entry #53 initially indicates 20 years imprisonment as to Count 4 (CR Dkt. entry #53). The next entry regarding Count 4 fails to identify the number of years imprisonment, i.e., it leaves blank the number of years imprisonment as to Count 4 (Id.). The docket entry, however, clearly does not indicate "0 years imprisonment." (Id.). And the Amended Judgment itself clearly indicates Petitioner was sentenced to 20 years imprisonment as to Count 4 (CR Dkt. 53 at pg. 2).

3

2. That the Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 8, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*